| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-4* | <br><br>Order Filed on April 25, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Tonya M. Agosto<br>*aka* Tonya M. Darby<br>*aka* Tonya M. Darby-Agosto<br><br>                                                Debtor. | Chapter 13<br><br>Case No. 17-19983-JKS<br><br>Judge John K. Sherwood |

## ORDER VACATING AUTOMATIC STAY AND CO-DEBTOR STAY

The relief set forth on the following page is hereby **ORDERED**.

**DATED: April 25, 2022**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Upon the motion of Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-4 ("movant"), under Bankruptcy Code section 362(d) for relief from the automatic stay and under Bankruptcy Code section 1301 for relief from the co-debtor stay as to certain property as hereinafter set forth, and for cause shown, it is

**ORDERED** that the automatic stay and the co-debtor stay are vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

X Real property more fully described as:

**214 Laurel Avenue, Maplewood, New Jersey 07040**

It is further **ORDERED** that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further **ORDERED** that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.